O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON M. LEWIS,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>        Defendant. | NO. EDCV 07-412-MAN<br><br>MEMORANDUM OPINION<br><br>AND ORDER |

Plaintiff filed a Complaint on April 10, 2007, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's application for disability insurance benefits ("DIB") for a closed period of disability ("POD"), from August 1, 2001, through June 1, 2004. The parties filed a Joint Stipulation on January 17, 2007, in which: plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, in the alternative, remanding the matter for further administrative proceedings; and defendant seeks an order affirming the Commissioner's decision. On June 12, 2007, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On December 26, 2001, plaintiff protectively filed an application for a POD and/or DIB, in which he claimed to have been disabled since August 1, 2001. (Administrative Record ("A.R.") 59-61.) After the denial of plaintiff's claims initially and upon reconsideration, plaintiff timely requested a hearing, and on February 25, 2003, plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge John W. Belcher ("ALJ"). (A.R. 376-401.) On June 2, 2003, a supplemental hearing was held (A.R. 228-49), and on July 17, 2003, plaintiff's claims were denied by the ALJ. (A.R. 13-18.) Plaintiff timely appealed the ALJ's decision, and the Appeals Council denied plaintiff's request for review. (A.R. 4-7, 10.) On May 20, 2004, plaintiff sought review in the District Court, which remanded the case for further proceedings in a March 30, 2006 Order (the "2006 Order").[1] (A.R. 280-301.)

On May 11, 2006, the Appeals Council effectuated the 2006 Order and remanded the matter to the ALJ for a supplemental hearing, which occurred on August 3, 2006. (A.R. 368-89.) Plaintiff, who was again represented by counsel, testified before the same ALJ. (A.R. 402-16.) At the hearing, plaintiff, through his attorney, requested a closed period of disability from August 1, 2001, through June 1, 2004. (A.R.

---

[1] In its 2006 Order, the Court ordered the ALJ to: (1) "clarify and develop the record as to whether Plaintiff's back impairment requires fusion surgery, and therefore meets a Listing, through eliciting an additional opinion on this specific issue from a medical expert, an examining doctor, or one of Plaintiff's treating doctors;" and (2) "address each of Plaintiff's claimed limitations in his decision on remand." (A.R. 293, 299.)

257.)  On January 19, 2007, the ALJ denied plaintiff's claims.  (A.R. 253-60.)

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff met the insured status requirement for a POD and DIB from a time prior to his alleged onset date through January 19, 2007, the date of the ALJ's decision.  (A.R. 260.)

The ALJ found that plaintiff has a "severe" musculoskeletal impairment involving his spine, but he does not have an impairment that meets or equals the criteria of any impairment listed in Appendix 1, Subpart P, Regulations No. 4.  (A.R. 257.)  Additionally, the ALJ concluded that plaintiff was a "partially credible witness."  (A.R. 259.)

Based on plaintiff's residual functional capacity, and the testimony of the vocational expert, the ALJ concluded that plaintiff could not perform any of his past relevant work.  (A.R. 259.)  However, plaintiff could perform other light jobs, including bench assembler, hand packager/inspector, and cashier II.  (*Id.*)  Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act during the time period at issue.  (A.R. 260.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported

by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003)(citation omitted).

The Court will uphold the Commissioner's conclusion when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). While inferences from the record can constitute substantial evidence, only those "reasonably drawn from the record" will suffice. Widmark v. Barnhart, 454 F.3d 1063 (9th Cir. 2006)(citation omitted). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists when it is clear from the record that "the ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)).

**DISCUSSION**

This case, reduced to its essence, presents two issues: (1) whether the ALJ, in accordance with this Court's 2006 Order, discharged his duty to develop the record; and (2) whether the ALJ properly considered plaintiff's subjective complaints regarding his pain and symptoms, including the side effects of his medication.

///
///

1  **I.  THE ALJ DISCHARGED HIS DUTY TO DEVELOP THE RECORD FURTHER IN**
2  **ACCORDANCE WITH THIS COURT'S 2006 ORDER.**

The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered, even when the claimant is represented, as in this case.  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001)(citations omitted).  However, the ALJ's duty to develop the record further is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001)(citations omitted).

In its 2006 Order, the Court ordered the ALJ to "clarify and develop the record as to whether Plaintiff's back impairment requires fusion surgery, and therefore meets a Listing, through eliciting an additional opinion on this specific issue from a medical expert, an examining doctor, or one of Plaintiff's treating doctors."  (A.R. 293.) Plaintiff contends that the ALJ "has yet to fully address the Court's remand order requiring that the record be further developed regarding the need for fusion surgery."  (Joint Stipulation ("Joint Stip.") at 9.) For the reasons set forth below, the Court disagrees.

At the 2006 hearing, by which time plaintiff had resumed working, medical expert Lowell Sparks, M.D., testified that no fusion surgery had been performed on plaintiff since the previous 2003 hearing and opined

that no fusion surgery is necessary.[2] (A.R. 377.)  Dr. Sparks based his opinion on the medical evidence of record, specifically plaintiff's normal nerve conduction velocities as reflected in studies performed in 2002, to support his conclusion that no further surgical intervention is required.  (A.R. 377.)  In addition, he relied on the fact that no physician of record -- other than plaintiff's former treating orthopedic surgeon, on whose opinion plaintiff himself would not rely -- recommended that plaintiff undergo fusion surgery.[3] (*Id.*)  The medical expert further opined that plaintiff does not meet or equal Listings 1.04 or 1.08 pertaining to disorders of the spine and soft tissue injuries.  (*Id.*)  A medical expert's opinion constitutes substantial evidence where, as here, it is not contradicted by the other medical evidence and where the medical expert provides a specific and legitimate rationale to justify his opinion.  Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir. 1999).  Significantly, plaintiff's ability to resume working as of June 1, 2004, provides additional support for the conclusion that fusion surgery was, in fact, not required to facilitate plaintiff's return to work.

Plaintiff next contends that the ALJ failed to comply with the Court's 2006 Order, because the physician who testified at the hearing regarding plaintiff's need for fusion surgery is an internal medicine

---

[2] Plaintiff underwent a lumbar laminectomy and discetomy at the L3-4 level on November 26, 2001.  (A.R. 130-31.)

[3] The only physician who recommended a spinal fusion was Michael B. Roach, M.D.  Critically, when the ALJ asked plaintiff why he "did not go and get another surgery with Dr. Roach," plaintiff replied, "I don't trust him . . . .  I ain't going to let that man touch me again."  (A.R. 383.)

physician, rather than an orthopedist or neurologist. (Joint Stip. at 9.) While generally more weight is given to the opinions of a specialist about medical issues related to his area of specialty than to the opinions of a source who is not a specialist, the opinions of non-examining physicians and medical experts, when they are properly supported, may constitute substantial evidence upon which an ALJ may rely. *See, e.g.* Morgan, 169 F.3d at 600 (testifying medical expert opinions may serve as substantial evidence when "they are supported by other evidence in the record and are consistent with it"). At the hearing, plaintiff, through his attorney, had the opportunity to object to the medical expert's qualifications, but he chose not to do so. Specifically, when the ALJ asked plaintiff's attorney if he had "any objections to the doctor's qualifications as an expert," plaintiff's attorney replied, "No, Your Honor." (A.R. 374.) As defendant correctly asserts, there was no suggestion, let alone an objection, that the medical expert was not a qualified physician. (Joint Stip. at 13.) "If a party fails to object to an expert's qualifications at the hearing, he waives the right to challenge them." Ischay v. Barnhart, 383 F. Supp. 2d 1199, 1222 n.16 (C.D. Cal. 2005).

Plaintiff further contends that the ALJ failed to comply with the Court's 2006 Order, because the medical expert's testimony, upon which the ALJ relied, was "ambiguous," "internally inconsistent," and "inconsistent with the medical evidence of record." (Joint Stip. at 9-11.) Plaintiff contends that, "in response to one question, the medical expert says that he believes it is possible that Plaintiff may need to lay down to relieve his pain symptoms and in [response to] the following question he states he does not believe that he would need to lay down to

relieve those symptoms." (Joint Stip. at 10-11.) Contrary to plaintiff's contention, plaintiff fails to show any true ambiguity or inadequacy in the medical expert's testimony. The medical expert testified that it is "possible" that plaintiff's pain may be alleviated by adopting a reclined posture; at the same time, the medical expert clearly opined that such a position is neither "require[d]" nor "need[ed]" to relieve plaintiff's pain. (A.R. 378-79.) The medical expert's testimony is consistent with the residual functional capacity assessment that plaintiff should be able to "stretch and change positions hourly." (A.R. 378-79.) There is no uncertainty in the record that would have required further record development, and the medical expert's testimony was neither ambiguous nor inadequate to allow for proper evaluation of the evidence.

Accordingly, the ALJ discharged his duty to further develop the record in accordance with this Court's 2006 Order.

**II. The ALJ Failed To Provide The Requisite Clear And Convincing Reasons For Rejecting Plaintiff's Subjective Pain And Symptom Testimony, Including Regarding The Side Effects Of His Medications.**

Once a disability claimant produces evidence of an underlying physical impairment that is reasonably likely to be the source of his subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 2001)(*en banc*); *see also* 20 C.F.R. § 404.1529(a) (explaining how pain and other symptoms are evaluated). Moreover, "unless an ALJ makes a

finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins, 466 F.3d at 883.  Further, the ALJ's credibility findings must be "sufficiently specific" to allow a reviewing court to conclude that the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony.  Moisa, 367 F.3d at 885.

As an initial matter, in its 2006 Order, the Court instructed the ALJ to further consider not only plaintiff's back pain but also his other alleged symptoms, which include, without limitation, alleged pain, stiffness, muscle spasms, numbness in his left leg and foot (and occasionally in his right leg), and pain when walking, which required him to walk hunched over.  (*See, e.g.*, A.R. 126, 132, 141, 169, 183, 299.)  The ALJ failed to do this, notwithstanding the Court's specific order that this be done.  The ALJ should have addressed each of plaintiff's claimed limitations and the extent, if any, to which they impacted his ability to work during his alleged POD.  The ALJ's failure to do so constitutes error.

In addition, the ALJ failed to consider the effect of plaintiff's medications on his ability to work during his alleged POD.  When an ALJ evaluates a claimant's limitations, he must consider evidence regarding the side effects of medications. Social Security Ruling 96-7p indicates that the "type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms" should be considered in the disability evaluation.  *See also*

20 C.F.R. § 404.1529(c)(3)(iv). The Ninth Circuit has observed that an ALJ must "consider all factors that might have a significant impact on an individual's ability to work." Erickson v. Shalala, 9 F.3d 813, 817 (9th Cir. 1993)(citation omitted). Such factors "may include side effects of medications as well as subjective evidence of pain." Erickson, 9 F.3d at 818. There is substantial evidence of record that plaintiff experienced continuing side effects from his medication. For example, plaintiff was prescribed Neurontin, a drug used for the relief of nerve pain, which caused him to be sleepy and groggy (A.R. 123), and Vicodin, a narcotic pain reliever, which caused him stomach upset and drowsiness (A.R. 214). *See* PHYSICIAN'S DESK REFERENCE, pp. 510-14, 2462-67 (62d ed. 2008)[4] In his decision, the ALJ briefly acknowledged plaintiff's testimony and the treatment records regarding the side effects of his medications, but the ALJ did not expressly consider the impact of these side effects on plaintiff's ability to work during the relevant time period. Thus, te ALJ neither properly dismissed the significance of these side effects nor, in his hypotheticals to the vocational expert, did he reference plaintiff's documented side effects from his medications. (A.R. 385-88.) The ALJ was required to consider those side effects in evaluating plaintiff's disability claim.

The ALJ's conclusion that plaintiff was "only a partially credible witness" (A.R. 259) lacks an adequate foundation. In fact, with respect

---

[4] Plaintiff was, in fact, taking "about 3 or 4 Vicodin a day" for pain relief on or about March 18, 2002. (A.R. 184.) On or about January 6, 2003, plaintiff was still taking Vicodin, along with Motrin 600, and Flexeril for his pain and other symptoms. (A.R. 160.) Plaintiff was taking Neurontin, on or about May 21, 2002, but was taken off that medication because it made him too sleepy and groggy. (A.R. 123.)

to plaintiff's assertions that, during his POD, he spent most of the day in a reclining position and using heat packs (A.R. 381-82), the ALJ conceded that "[plaintiff] probably is telling the truth in what he did do."[5] (A.R. 259.) Despite this concession, when plaintiff leaned back "apparently due to the use of a heat pack at the hearing," the ALJ characterized plaintiff's behavior as "an embellishment." (A.R. 259.) The ALJ's reliance, at least in part, on this type of "sit and squirm" analysis to support his adverse credibility finding constitutes error. Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985)(condemning "'sit and squirm' jurisprudence").

It is undisputed that plaintiff had a back impairment that could have caused the type and severity of pain complained of by plaintiff during his alleged POD, and there is no finding by the ALJ that plaintiff was malingering. Accordingly, the ALJ's reasons for rejecting plaintiff's testimony must be clear, convincing, and based upon substantial evidence in the record. The ALJ must specify, based on substantial evidence of record, which allegations of pain and/or other symptoms he finds to be not credible. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996)(ALJ must state specifically which symptom testimony is not credible and what facts in the record led to that conclusion); see Moisa, 367 F.3d at 885 (the ALJ's credibility findings must be "sufficiently specific" to allow a reviewing court to conclude that the ALJ rejected the claimant's testimony on permissible grounds and did not

---

[5] There apparently is no issue regarding whether plaintiff actually adopted a reclining position to relieve his back pain during his alleged POD. Rather, as the medical expert's testimony makes plain, it is questionable whether adopting this reclining position was required or necessary to relieve plaintiff's back pain.

11

arbitrarily discredit the claimant's testimony.)  This requirement was not satisfied by the decision in issue.

### III. **Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").  However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *Id.*

Here, remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See, e.g.,* Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record).

Because the ALJ's finding regarding plaintiff's subjective pain complaints must be re-evaluated on remand, the assessment of plaintiff's residual functional capacity may change.  Accordingly, additional

testimony of a vocational expert may be required on remand. *See* <u>Embrey v. Bowen</u>, 849 F.2d 418, 422-24 (9th Cir. 1987)(in posing a hypothetical to a vocational expert, the ALJ must fully and accurately reflect all of the claimant's limitations).

## CONCLUSION

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 29, 2008

                                              /s/
                              MARGARET A. NAGLE
                     UNITED STATES MAGISTRATE JUDGE